UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       File No. 1:04-CR-158

       HON. ROBERT HOLMES BELL

MICHAEL WHITE,

       Defendant.
                                        /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Michael White's motion to clarify sentence. (Dkt. No. 37.) Through this motion Defendant is requesting the Court to allow the record to reflect the alternate sentence imposed at the time of sentencing.

On December 16, 2004, Defendant was sentenced to 288 months in prison. In anticipation of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and in accordance with the recommendation of the Sixth Circuit in *United States v. Koch*, 193 F. App'x 391 (6th Cir. 2004), this Court included in its judgment an alternate sentence of 240 months "should the sentence guidelines be deemed unconstitutional." (Dkt. No. 22 , J. 2.) Defendant did not appeal his conviction or sentence.

On November 13, 2006, Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Defendant did not allege that the Court should impose the alternate sentence. Defendant's § 2255

motion was denied. *White v. United States*, No. 1:06-CV-815, Dkt. Nos. 25, 26, Op. & Order (W.D. Mich. Aug. 27, 2007).

Defendant now requests an order pursuant to Rule 36 of the Federal Rules of Criminal Procedure to clarify that his sentence is the alternate sentence imposed by the Court at the time of his sentencing. Defendant contends that his 288 month prison sentence was automatically nullified and replaced by the alternate 240 month prison sentence when the Supreme Court decided in *Booker* that the Federal Sentencing Guidelines violated the constitution to the extent that they were enforced mandatorily.

In the absence of an express statute or rule to the contrary, a district court does not have jurisdiction to reconsider or modify a term of imprisonment previously imposed. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Defendant has not identified any statute that would permit the Court to modify the term of his imprisonment under the procedural posture of this case.

Neither has Defendant identified any procedural mechanism for self-enforcement of an alternate sentence. *See United States v. Bradley*, 194 F. App'x 341, 343 n.1 (6th Cir. 2006) ("As the government observes in a footnote to its brief, '[w]hile it is clear that the [district court] intended the alternative sentence to be self-enforcing . . . there is no applicable procedural rule for such a situation.'"). In *United States v. Christopher*, 415 F.3d 590 (6th Cir. 2005), the defendant properly appealed his sentence. The Sixth Circuit held that the district court erred in sentencing the defendant under the view that the Guidelines were

2

completely unconstitutional because the district court did not correctly predict the resolution the Supreme Court reached in *Booker*.  *Id.* at 593.

At Defendant's sentencing the Court stated on the record that "[a]n alternative sentence that the Court would impose should the guidelines be brought into question here later this month from the United States Supreme Court would be a 240-month sentence as an alternative."  (Dkt. No. 34, Sentencing Tr. 21.)  The judgment provides an alternate sentence "should the sentence guidelines be deemed unconstitutional."  (Dkt. No. 22, J. 2.)  Pursuant to *Christopher*, it is doubtful that the Sixth Circuit would have imposed the alternate sentence had an appeal been brought.  Here, no appeal was brought.  The Court concludes that even if an alternate sentence could be self-enforcing in some circumstances, this is not that case.  Accordingly,

**IT IS HEREBY ORDERED**  that Defendant's motion to clarify sentence (Dkt. No. 37) is **DENIED**.


Date:   April 3, 2009            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE

3